**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RIDGESTONE BANK**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 3126 |
| ) | |
| **DUNKIN' DONUTS FRANCHISING LLC**, ) | |
| **BASKIN-ROBBINS FRANCHISING LLC**, ) | |
| and **SHREE BKR, INC.**, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Dunkin' Donuts Franchising LLC and Baskin-Robbins Franchising LLC (collectively "Dunkin'," treated for convenience as a singular noun after this sentence) have filed a Notice of Removal to bring this action by Ridgestone Bank ("Ridgestone") against Dunkin' and Shree BKR, Inc. ("Shree") from the Circuit Court of Cook County to this District Court.[1] Dunkin' has concededly not complied with the universal and basic requirement that all defendants must join in removal (see, e.g., 16 Moore's Federal Practice ["Moore's"] § 107.11[1][c] (3d ed. 2012), this Court's article entitled TRAPS FOR THE UNWARY IN REMOVAL AND REMAND in 33 Litigation No. 3 at 43, 44 (2007) and, with particular reference to Seventh Circuit law, McMahon v.

---

[1] Perhaps the most interesting aspect of Dunkin's filing is in its corporate disclosure statement pursuant to this District Court's LR 3.2. That statement reveals that the underlying corporate structure there bears a striking resemblance to that of the Russian matryoshka doll, with each limited liability company having a single member that is another limited liability company that in turn has a single member that is still another limited liability company -- and so on down the line for no fewer than 12 generations, all within the ownership of parent company Dunkin' Brands Group, Inc., a publicly-traded corporation. But all of that makes no difference in diversity jurisdiction terms, for the citizenship of each of the limited liability company "dolls" within other such "dolls" is diverse from that of Ridgestone, both facets of whose dual corporate citizenship under 28 U.S.C. § 1332(c)(1) are Wisconsin based.

Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) and cases cited there[2]). But Dunkin' seeks to justify that omission on the ground that Shree was fraudulently joined and therefore need not be accounted for.[3]

To that end Notice § II.B is headed:

> Plaintiff's Claim Against Defendant Shree BRK, Inc. Fails Because Illinois Does Not Recognize a Cause of Action for Injunctive Relief.

And for that proposition Dunkin's counsel quote a snippet from a recent Illinois Appellate Court case, Town of Cicero v. Metro. Water Reclamation Dist. of Greater Chicago, 2012 IL App. (1st) 112164 ¶ 46, 976 N.E.2d 400, 414 (1st Dist. 2012):

> A permanent injunction, however, is not a separate cause of action.

But that highly selective and limited (and hence misleading) quotation must be read in context (as Dunkin's counsel have not done), and the Illinois Appellate Court's explanation that immediately precedes that language proves the shallowness (or more precisely the emptiness) of Dunkin's argument:

> As previously noted, a party seeking a permanent injunction must first succeed on the merits. *Beretta U.S.A. Corp.*, 213 Ill.2d at 431, 290 Ill.Dec. 525, 821 N.e.2d

---

[2] McMahon, which drew on considerable prior Seventh Circuit caselaw, has become the leading case in this Circuit, cited at least as recently as City of Yorkville v. Am. S. Ins. Co. 654 F.3d 713, 716 (7th Cir. 2011).

[3] Dunkin' has painted itself into a corner by having to advance and defend that position (an indefensible one, as this opinion will show) in an effort to escape the "forum defendant rule," under which a citizen of the forum state is prohibited from removing, or joining in the removal of, a case to the federal courts (28 U.S.C. § 1441(b)(2); and see also 16 Moore's § 107.14[2][e]). Shree is concededly an Illinois citizen (Complaint ¶ 5; Notice ¶¶ 10-11), so that Dunkin' must perforce eliminate it as a fly in the removal ointment if Dunkin' is to be successful in bringing the case to this District Court.

>1099. This necessarily means that there must be a recognized cause of action underlying the request for injunctive relief and that the party seeking such relief must first prevail on the merits of that underlying cause of action. See 42 Am.Jur.2d *Injunctions* § 18 (2010) ("a permanent injunction will be granted only when liability has been established"); Black's Law Dictionary 1003 (7th ed. 1999) (defining "merits" as "[t]he elements or grounds of a claim or defense").

On that score it cannot be gainsaid that Ridgestone has a bona fide substantive claim directly against Shree, for Ridgestone has a security interest, superior both in right and in time, that covers all of the assets of the Dunkin' franchise that were pledged to it by its borrower -- Farhat & Sons, Inc., the company from which Shree purchased the Dunkin' franchise and took possession of the pledged assets with which the franchisee carries on its business.

Although it is true that Complaint Count III carries a caption "For Injunctive Relief Against Shree BKR, Inc.," the substantive allegations in Count III ¶¶ 34-36 identify Ridgestone's security interest in the equipment, fixtures and inventory of the franchise, while Count III ¶ 35 alleges that substantial portions of the equipment and fixtures remain on the restaurant premises in the current possession and operation of Shree, and Count III ¶ 68 alleges:

>Ridgestone has a clear right to possession of the equipment and fixtures on the restaurant premises, which should be free from interference by Shree.

Those allegations plainly advance the "underlying cause of action" called for by Town of Cicero and like cases. And given that, Dunkin' claims the "fraudulent joinder" of Shree? Nonsense.

Accordingly this Court holds that the current removal is flawed by Dunkin's failure to have caused <u>all</u> defendants, including Shree, to join. In that respect the caselaw teaches that such a failure is not a jurisdictional defect that should trigger a sua sponte remand by this Court under

the nonreviewable provision of 28 U.S.C. § 1447(d).[4] Because everyone's interests will be best served by permitting the litigation to go forward on the merits without any diversion into procedural byways, counsel for Ridgestone is ordered on or before May 7, 2013 to state whether Ridgestone prefers that the case be remanded to its state court of origin or, alternatively, wishes to waive Dunkin's failure.

                                                                                                                                _____
                                                                                                           Milton I. Shadur
                                                                                                           Senior United States District Judge

Date: April 29, 2013

---

[4] Both <u>McMahon</u> and <u>City of Yorkville</u> are among the many cases that stand for the proposition that such a failure to join all defendants in the removal is a waivable procedural defect, rather than a jurisdictional flaw.